# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert D. Copen,**
**Petitioner Below, Petitioner**

**FILED**

March 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)    No. 13-0772** (Kanawha County 13-P-281)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert D. Copen, appearing *pro se*, appeals the May 24, 2013 order of the Circuit Court of Kanawha County that dismissed his petition for a writ of habeas corpus without prejudice pursuant to Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings. Respondent Warden, by counsel Christopher S. Dodrill, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the early morning hours of August 21, 1999, petitioner climbed to the roof of a small shopping center in Belle, West Virginia, and shot Joan C. Moore, the proprietor of a beauty shop, as she was about to enter her car with the prior day's receipts. The rifle that petitioner used had a laser scope, and petitioner fired eleven shots of which eight or nine struck the victim. The gunshots attracted attention, and the police and an ambulance were summoned to the scene. The victim did not die immediately, remained conscious, and was able to identify petitioner, who had worked for her previously, as the individual who had shot her. Subsequently, petitioner was arrested and later charged with murder.

At trial, during the defense portion of the case, petitioner took the stand and admitted that he had fired shots in the direction of the victim on the evening of the crime charged. However, petitioner testified that he did not intend to shoot the victim, but that he merely intended to scare her so that he could rob her. The jury subsequently found petitioner guilty of first degree murder without a recommendation of mercy. After denying various post-trial motions by petitioner, the circuit court sentenced him to life in prison without the possibility of parole. Petitioner appealed his conviction. In *State v. Copen*, 211 W.Va. 501, 566 S.E.2d 638 (2002), this Court affirmed petitioner's conviction.

1

Since 2011, petitioner has filed three successive petitions for a writ of habeas corpus in the circuit court asserting various claims under a general allegation that counsel provided ineffective assistance. The circuit court has dismissed each petition pursuant to Rule 4(c) which provides, in pertinent part, as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal." As part of each order, the circuit court directed that "[t]he Clerk of this Court shall serve a copy of this order upon the petitioner."

Petitioner appeals the circuit court's May 24, 2013 order dismissing the third petition without prejudice. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner argues that the circuit court erred in dismissing his petition because he provided adequate factual support for his claims. Respondent Warden counters that petitioner's conclusory allegations are insufficient to allow petitioner to proceed on a claim of ineffective assistance.

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Assuming *arguendo* that counsel's performance fell below an objective standard of reasonableness, this Court finds that such ineffectiveness would not have been the "but for" cause of petitioner's conviction because "[petitioner's] own testimony plainly shows that he shot the victim on the night of the crime charged." *Copen*, 211 W.Va. at 507, 566 S.E.2d at 644.[1] Therefore, this Court finds that the circuit court did not err in dismissing the petition.

For the foregoing reasons, we affirm the circuit court's May 24, 2013 order dismissing the petition for a writ of habeas corpus without prejudice.

---

[1] In his habeas petition, petitioner alleged that he might not have taken the stand if counsel had been more effective in persuading the circuit court to rule in his favor on certain pretrial and evidentiary matters. To the extent that petitioner challenges such rulings, this Court notes that petitioner had his opportunity to appeal in *State v. Copen*, 211 W.Va. 501, 566 S.E.2d 638 (2002), and that the purpose of habeas corpus is not to serve as a second appeal.

Affirmed.

**ISSUED:** March 14, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II